UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
)
v. ) No. 2:13-CR-74
)
)
JAYSON CASTENADA )

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction, [Docs. 50 and 52]. In his motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual ("USSG"). The government has responded, [Doc. 53]. The matter is ripe for review. For the reasons that follow, the motion is DENIED.

**I.  Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* USSG § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* The Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." USSG § 1B1.10(b)(2)(B). That is not the case here.

the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II.     Factual Background

The defendant pleaded guilty to conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), [Docs. 24, 25, and 39]. As part of his 11(c)(1)(C) Plea Agreement, the defendant agreed that he was responsible for distributing 720mg of oxycodone and .26 grams of cocaine base, which combine and convert to a total marijuana equivalent of 5.75 kg, [Doc. 24, ¶ 4]. The parties originally stipulated that the appropriate sentence would be a 68-month term of imprisonment as to each count, to be served concurrently, followed by a three-year term of supervised release. [Doc. 24, ¶ 6].

The probation officer used the stipulated drug quantity to calculate the guidelines range. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 14 for the drug conspiracy offense [Presentence Investigation Report ("PSR") ¶ 20]. The officer applied a two-level enhancement because a dangerous weapon was possessed, resulting in an adjusted offense level of 16 for the drug offense, [*Id.* ¶¶ 21-25].

Further, the officer calculated the adjusted offense level for the felon in possession of ammunition offense. With a base offense level of 20 and no applicable adjustments, the adjusted offense level for this offense was 20, [*Id.* ¶¶ 26-31].

Thereafter, the officer applied the multiple count adjustment to the greater of the offense levels, adding two levels to the higher offense—the possession of ammunition offense—resulting in a combined adjusted offense level of 22, [PSR ¶¶ 32-35]. Three levels were subtracted for acceptance of responsibility, resulting in a total offense level of 19, [*Id.* ¶¶ 37-39].

Given the defendant's criminal history category of VI, the defendant's applicable guideline range was 63 to 78 months' imprisonment, [*Id.* ¶ 106]. After the PSR was submitted but before the sentencing hearing, the parties entered an amendment to the original plea agreement, [Doc. 39]. This amendment replaced only paragraph 6 of the defendant's original plea agreement, and left the rest of the terms and conditions in effect, [Doc. 39]. This new paragraph also invoked Rule 11(c)(1)(C), but amended the agreed upon sentence to a term of 63 months as to each count, to be served concurrently, followed by three years of supervised release, [Doc. 39].

The Court accepted the plea agreement with the amendment, and sentenced the defendant to 63 months' imprisonment pursuant to Rule 11(c)(1)(C), [Doc. 48 PageID # 147]. The defendant is presently scheduled for release on January 19, 2020, [Doc. 53 at 2].

### III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. USSG App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. USSG App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level for the drug offense is 12, and the adjustment for multiple counts now results in a one level decrease in the total base offense level because the base offense level for the drug offense is now six levels below the firearm base offense level. USSG §§ 1B1.10(b)(1), 3D1.4. This results in a total offense level of 18. A total offense level of 18 and a criminal history category of VI results in an amended guideline range of 57 to 71 months' imprisonment. Nonetheless, because the defendant was sentenced

pursuant to an 11(c)(1)(C) plea agreement, this Court must decide whether the defendant was sentenced to a term of imprisonment "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission.

The defendant cites *Freeman v. United States*, 131 S. Ct. 2685 (2011), a 4-1-4 decision with controlling concurrence by Justice Sotomayor, and *United States v. McNeese*, 819 F.3d 922 (6th Cir. 2014), in arguing his sentence was "based on" a guidelines range that was subsequently lowered. The defendant acknowledges that the Sixth Circuit has identified Justice Sotomayor's concurring opinion in *Freeman* as the holding of the Supreme Court on this issue. *See Garrett*, 758 F.3d at 755, 757.

In discussing *Freeman*, the Sixth Circuit stated in *Garrett*:

> The upshot of Justice Sotomayor's concurrence appears to be that, in the Rule 11(c)(1)(C) context, what the sentencing judge said and did is largely irrelevant; instead, what matters is "the agreement itself." "As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." *Id.* at 2697-98 (Sotomayor, J., concurring). That holding is reiterated later in the opinion: "When a (C) agreement explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment, the agreement itself demonstrates the parties' intent that the imposed term of imprisonment will be based on that range, as required for sentence reduction under the statute." *Id.* at 2698 (Sotomayor, J., concurring). In other words, we apply a basic syllogism: if the sentence is based on a plea agreement, and the plea agreement relies on a given sentencing range, then the sentence is based on that range.

*Id.* at 755. The court concluded, "[t]he question, then, is what sentencing range, if any, was 'evident' from or 'employ[ed]' by the agreement to 'establish' the term of imprisonment to be imposed." *Id.* The Sixth Circuit summarized the holding of *Freeman* as follows:

> To summarize, under *Freeman*, when a defendant's sentence follows from a Rule 11(c)(1)(C) plea agreement, the district court is

5

bound by that agreement if it accepts it, and the defendant's sentence is therefore "based on" that agreement. More specifically, under Rule 11(c)(1)(C), the defendant's sentence is based on any agreement "that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." *See* Fed. R. Crim. P. 11(c)(1)(C). In such a case, for the defendant to be eligible for a sentence reduction under § 3582(c)(2), the agreement must "employ[ ] a particular Guidelines sentencing range to establish the term of imprisonment." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring).

*Id.* at 757.

In the current matter, the plea agreement states:

> 4. On November 15, 2012, officers with the Morristown Police Department (MPD) with the assistance of a confidential informant (CI), conducted a controlled buy from the defendant. The CI met the defendant in a parking lot located at College Square Mall, 2550 E. Morris Blvd., Morristown, Tennessee, where he purchased one (1) 30mg oxycodone pill for $40.00. The transaction was monitored and recorded.
>
> . . . .
>
> On January 3, 2013, officers with the Morristown Police Department (MPD), with the assistance of a confidential informant (CI), conducted a controlled firearm purchase from the defendant. The CI paid the defendant $70.00 for a revolver, ammunition, and a holster. The gun was identified as a .22 caliber Arms. Co. revolver with 100 rounds of ammunition. The transaction was monitored and recorded. The revolver was manufactured in Nashville, Tennessee. The ammunition was manufactured outside the state of Tennessee, and therefore affected interstate commerce.
>
> . . . .
>
> Lab reports from the TBI confirmed the substances recovered in the various deals and search were oxycodone and cocaine base ("crack"). The total weight of oxycodone for which the defendant is responsible is 720mg. The total cocaine base weight for which the defendant is responsible is .26 grams. The combined weight of oxycodone and cocaine base ("crack") equates to a total equivalent of 5.75 kg of marijuana.

6

> Defendant was convicted of delivery of Schedule II drugs on January 13, 2013, in the Criminal Court for Hamblen County, Case No. 11CR309 and 11CR310, for which he was sentenced to three years in the Tennessee Department of Corrections.

[Doc. 24]. The Amendment to Original Plea Agreement states:

> 6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 63 months as to each count, to be served concurrently, followed by three years of supervised release, is the appropriate disposition of this case. Additionally, the court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture and restitution as appropriate. The parties further agree that this term of imprisonment should run consecutively to the defendant's convictions in Hamblen County Criminal Court case numbers 11CR309, 11CR310, and 13CR230. In the event the Court declines to accept this agreement, either party will be free to withdraw from the Plea Agreement.

[Doc. 39].

It is evident from the plea agreement that the parties stipulated to the quantity of drugs for which the defendant was to be held accountable. The plea agreement states the specific quantity and goes on to convert this quantity to its marijuana equivalent, 5.75 kilograms. The defendant argues that the comments made by the Assistant United States Attorney at the defendant's sentencing hearing regarding the defendant's advisory guideline range, coupled with the Court's mention that "the agreed-upon sentence is within the guideline range," is sufficient to show that his sentence was in fact "based on" his advisory guidelines range, [Doc. 52]. In *Freeman*, Justice Sotomayor states:

> Similarly, a plea agreement might provide for a specific term of imprisonment--such as a number of months--but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. *As long as that sentencing range is evident from the agreement itself*, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range.

7

131 S. Ct. at 2697-98 (emphasis added).

It is true that the drug quantity is evident from the plea agreement. It also clear, however, that the plea agreement neither lists the base offense level for the agreed-upon amount of drugs, the defendant's suspected criminal history category, nor a specific guidelines range. To be sure, pursuant to USSG section 2D1.1, the agreed-upon amount produced a base offense level of 14. The Court was aware of the defendant's criminal history category at the time of sentencing, but the plea agreement does not contain this information. Moreover, the parties agreed that the guidelines range calculated in the PSR, after adjustments, was correct; however, this information is also not found in the plea agreement. The plea agreement itself fails to supply enough information for the Court to make the necessary inferences to calculate a specific range.

In sum, the plea agreement explicitly lists the amount of drugs. It also clearly lists the revised agreed upon sentence of 63 months. It is silent as to everything in between. Based on the information contained in the plea agreement and the lack thereof, this Court cannot conclude that a sentencing range was evident or employed by the agreement to establish the term of imprisonment. *See Garrett*, 758 F.3d at 755. As Justice Sotomayor's concurrence made clear in *Freeman*, it is not the district court's analytic framework that determines whether a sentence can be reduced in the 11(c)(1)(C) context pursuant to section 3582(c), but the plea agreement itself. If this Court's analytic framework was determinative, then the result would likely be different. However, the plea agreement here does not explicitly employ a sentencing range to establish the agreed-upon term of imprisonment. *See, e.g., United States v. Carthan*, No. 99 CR 945, 2015 WL 146939, at *1 (N.D. Ill. Mar. 26, 2015); *United States v. Jackson*, No. 99 CR 545-1, 2012 WL 4051930, at *2 (N.D. Ill. Sept. 12, 2012).

The defendant cites to the recent Second Circuit opinion in *United States v. Leonard*, 844 F.3d 102 (2nd Cir. 2016), as well as other circuit cases analyzing *Freeman* for support. However, the Sixth Circuit has made clear that Justice Sotomayor's concurrence is controlling in this jurisdiction. Although some sister circuits have taken different approaches regarding the controlling effect of Justice Sotomayor's concurrence in *Freeman*[2], this Court is not bound by their decisions. Rather, this Court *must* follow Sixth Circuit precedent, which has repeatedly held that defendants sentenced under a Rule 11(c)(1)(C) agreement can establish eligibility for relief under § 3582(c) "*only when* that guidelines range is explicitly referenced in a plea agreement and expressly relied upon to determine [the] defendant's sentence." *United States v. Douglas*, 606 F. App'x 287, 290 (6th Cir. 2015) (emphasis in original) (quoting *United States v. Riley*, 72, F.3d 756, 760 (6th Cir. 2013)).

Because the defendant cannot show that his sentence was "based on" a guidelines range that has been subsequently lowered, he is not entitled to a reduction pursuant to section 3582(c).

**III. Conclusion**

For the reasons stated herein, the defendant's motion, [Docs. 50 and 52], is DENIED. All provisions of the Judgment, [Doc. 42], shall remain in effect.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[2] *See United States v. Davis*, 825 F.3d 1014, 1023-24 (9th Cir. 2016) (*en banc*) (concluding that "Justice Sotomayor's concurrence is not the 'narrowest grounds'" when determining the fragmented Court's holding); *United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (concluding there was no controlling opinion in *Freeman* "because the plurality and concurring opinions do not share common reasoning whereby one analysis is a 'logical subset' of the other").